# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Vanguard Health & Wellness, Llc | ) | Case No. 17-04707 |
| | ) | |
| Debtor(s) | ) | CHAPTER 11 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |

## NOTICE OF EMERGENCY MOTION

TO:

United States Trustee (via electronic notice)

Vanguard Health & Wellness, Llc, C/o Lee Zeidman, 4709 Golf Rd Ste 1100, Skokie, IL 60076 (via email)

LightStar Financial Services, LLC (via facsimile 816-265-2555)

PLEASE TAKE NOTICE that on 2/22/17 at 10:00 a.m. or soon thereafter I shall be heard, I shall appear before the Honorable Judge Jacqueline P. Cox, at 219 S. Dearborn St., Courtroom 680, Chicago, IL, and request that the attached motion be granted, at which time you may appear if so desired.

/s/ __Xiaoming Wu__
Ledford, Wu & Borges, LLC.
105 W. Madison St., 23rd Floor
Chicago, IL 60602
312-853-0200

## PROOF OF SERVICE

I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above in the manner specified on February 21, 2017.

/s/ _Xiaoming Wu__

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Vanguard Health & Wellness, Llc | ) | Case No. 17-04707 |
| | ) | |
| Debtor(s) | ) | CHAPTER 11 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |

**EMERGENCY MOTION TO APPROVE POSTPETITION
FINANCING AGREEMENT WITH LIGHTSTAR FINANCIAL SERVICES LLC**

The debtor(s), by and through counsel, and in support of Emergency Motion to Approve Postpetition Financing Agreement with Lightstar Financial Services LLC, states to the court as follows:

1. The court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The debtor(s) filed a petition for relief and under Chapter 11 of the Bankruptcy Code on 2/17/17.

4. The Debtor and Lightstar Financial Services LLC ("the Secured Party") are parties to a Factoring Agreement (the "Pre-Petition Agreement"), a copy of which is attached hereto as Exhibit A, pursuant to which the Secured Party made credit accommodations to Debtor on a secured basis.

5. The Pre-Petition Agreement provides for advances by Secured Party to the Debtor, so long such advances do not cause the ratio of the Debtor's obligations to Secured Party to the value (as determined in the Pre-Petition Agreement) of the Debtor's eligible (as determined in the Pre-Petition Agreement) accounts to exceed that set forth in the Pre-Petition Agreement (the "Formula").

6. As of the Petition Date, the Debtor was indebted to the Secured Party in the amount of at least $220,000 secured by the collateral described in the Pre-Petition Agreement.

7. The Debtor has assigned and sold its accounts to Secured Party under the Pre-Petition Agreement and Secured Party has agreed to consider making purchases of eligible accounts (as determined in Secured Party's sole discretion) from the Debtor pursuant thereto.

8. The Debtor, notwithstanding its efforts to do so, is unable to obtain unsecured credit allowable under 11 U.S.C. Section 503(b)(1) as an administrative expense, or other than pursuant to 11 U.S.C. Section 364(c) and 364(d)(1), and the Debtor is unable to obtain credit on terms equal to or more favorable than those proposed by Secured Party.

9. Secured Party has agreed to consider providing financial accommodations through the purchase of accounts from the Debtor in accordance with the Pre-Petition Agreement in good faith, within the meaning of 11 U.S.C. Section 364(e), and the Interested Parties were either notified of the Motion, as evidenced by the affidavit of service, or were present at this Court's hearing on the Motion.

10. Good cause exists for approval of the Debtor's agreement to agree to the financing by Secured Party under the terms of the Pre-Petition Agreement, and the entry of this Order will minimize disruption of the Debtor as a "going concern" and is in the best interest of the Debtor, its creditors, and its estate. The terms upon which the Debtor is authorized to utilize cash advances are determined as fair under the circumstances.

11. The Debtor has provided written notice of the filing of the Motion to Secured Party and the United States Trustee.

12. The debtor's projected budget for 2017 is attached hereto as Exhibit B.

WHEREFORE, the debtor(s) requests that the court approve the Factoring agreement on an interim basis, and grant the debtor such other relief as just and proper.

                                      Respectfully submitted,

                                      /s/ _Xiaoming Wu_
                                      Ledford, Wu & Borges, LLC.
                                      105 W. Madison St., 23rd Floor
                                      Chicago, IL 60602
                                      312-853-0200