UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br>**Vanguard Health & Wellness, LLC**<br>                **Debtor** | ) BK No.: 17-04707<br>)<br>) **Chapter: 11**<br>) **Judge Cox**<br>) |

*Agreed* **FINAL ORDER AUTHORIZING FACTORING OF ACCOUNTS AND GRANTING OF ADEQUATE PROTECTION**

This cause coming to be heard on the hearing for a final order granting the motion of Vanguard Health & Wellness, LLC, ("Vanguard") debtor and debtor-in-possession in the above-captioned case (the "Debtor"), for an order authorizing the Debtor to factor its Accounts with Lightstar Financial Services, LLC ("Lightstar"), granting adequate protection, and scheduling a final hearing on the approval of the Agreement (the "Motion"), due notice having been given, the Court having considered the pleadings, statements of counsel, noting the agreement of the Debtor and Lightstar, no objections having been filed or if filed, withdrawn or overruled, and otherwise being fully informed in the premises:

**IT IS HEREBY ORDERED:**

1. Debtors' Motion is granted, on final basis, limited to the terms and conditions set forth in this Final Order.

2. This Court has jurisdiction of this chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

13H0784

3.  Capitalized terms shall have the meanings ascribed to them in the Agreement, as herein after defined, or the Bankruptcy Code, as the case may be.

4.  Subject to the terms and conditions of this Final Order, the Debtor is authorized to sell its Accounts to Lightstar Financial Services, LLC ("Lightstar") pursuant to the terms of the pre-petition Factoring Agreement dated January 9, 2014 between Debtor and Lightstar (the "Agreement"), as modified and supplemented by the terms of this order, solely to the extent necessary for payment of certain critical expenses pursuant to Budgets submitted from time to time by Debtor and approved by Lightstar (the "Budget") and continuing until the earlier of (a) Lightstar's refusal to approve Debtor's Budget, (b) Lightstar's decision, in its sole and complete discretion, to cease factoring Debtor's Accounts or (c) the occurrence of any default under this Final Order (the "Expiration Date").

5.  The following shall be a default under this Final Order:

    a.  The Debtor uses any Advance to pay any items except as set forth in the Budget or as may be consented to in writing by Lightstar;

    b.  The Debtor incurs any administrative expenses other than set forth in the Budget without the prior written consent of Lightstar or approval by the Bankruptcy Court after notice to Lightstar and a hearing;

    c.  Any disbursement made by the Debtor other than in accordance with the Budget, unless Lightstar consents to such disbursements in writing; provided, however, that the Debtor may make payments in excess of the total budgeted disbursements not exceed ten (10%) percent of the budgeted disbursements for that week;

13H0784

   d. Debtor's disbursements exceeds the actual cash receipts of the Debtor for that week;

   e. Debtor's bankruptcy case is dismissed or converted to a Chapter 7 bankruptcy case; or,

   f. A trustee is appointed in Debtor's Chapter 11 case.

6. Lightstar may, but is not required to purchase any Accounts or make any Advances to the Debtor. So long as no defaults exist under this Final Order, Lightstar consents to the use by Debtor of Advances as are deposited in the Debtor's accounts and authorized for use by the Debtor pursuant to the Budget and the terms and conditions of this Final Order.

7. The Debtor is authorized and directed to deliver to Lightstar all proceeds of pre-petition Accounts purchased by Lightstar upon receipt.

8. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2) and 363(e) of the Bankruptcy Code, to Lightstar pursuant to the terms and conditions set forth in this Final Order.

9. Lightstar is hereby granted, as adequate protection for any diminution in the value of (i) its Prepetition Collateral, as hereinafter defined, and the proceeds thereof, and (ii) Cash Collateral, and the proceeds thereof, a valid, perfected and enforceable first-priority security interest (the "Replacement Liens") in and upon all of the categories and types of collateral in which Lightstar held a security interest and lien as of the Petition Date (the "Prepetition Collateral"), including, without limitation, Cash Collateral, and the proceeds thereof, which Replacement Liens shall be in addition to the security interests of Lightstar in the (i) Prepetition Collateral, and the proceeds thereof, and (ii) Cash Collateral, and the

13H0784

3

proceeds thereof, in the same order of priority as such security interests existed on the Petition Date (collectively, all of the collateral described in this paragraph, the "Collateral").

10. The Replacement Liens granted by this Final Order: (i) are in addition to all security interests, liens and rights of set-off of Lightstar existing on the Petition Date; and (ii) are valid, perfected, enforceable and effective as of the date of the entry of this Final Order without any further action by the Debtor or Lightstar and without the necessity of the execution, filing or recordation of any financing statements, security agreements, vehicle lien applications, filings with the United States Patent and Trademark Office, mortgages or other documents.

11. The use of Cash Collateral by the Debtor shall give rise to an obligation of the Debtor to Lightstar for payment of an amount equal to the amount of the Cash Collateral used and shall be secured by the Replacement Liens.

12. In addition to the Replacement Liens granted to Lightstar pursuant to this Final Order, Lightstar is hereby granted a superpriority, administrative claim under Section 507(b) of the Bankruptcy Code (the "507(b) Claim") in the full amount allowable under Section 507(b) and the Bankruptcy Code.

13. Notwithstanding anything to the contrary, the Replacement Liens and 507(b) Claim granted to Lightstar pursuant to this Order shall be subject and subordinate to the amounts payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a). No other carve-outs or subordinations are agreed to or approved at this time.

14. The Debtor is required to promptly deliver to Lightstar such other financial and other information concerning the business and affairs of the Debtors as Lightstar shall reasonably

13H0784

request from time to time, including, without limitation, the financial reports and information to be provided to Lightstar under the Agreement.

15. The Debtor will permit Lightstar, Lightstar's agents, attorneys and any consultants engaged by Lightstar full access to examine theDebtor's corporate, financial and operating records, and, at the Debtor's expense, make copies thereof, inspect the assets, properties, operations and affairs of the Debtor, visit any or all of the offices of the Debtor to discuss such matters with its officers and independent auditors (and the Debtor hereby authorizes such independent auditors to discuss such matters with Lightstar, its agents and consultants).

16. Lightstar and the Debtor may make non-material modifications or amendments to the Budget or this Final Order, to take effect only upon written notice signed by both parties without further order of this Court, and all actions taken pursuant to such modified Budget shall be and hereby are expressly authorized hereunder. Lightstar may consent in writing to extend the Expiration Date without a further hearing or order of this Court. If Lightstar determine to do so, written notification of such extension shall be provided to all parties in interest.

17. Lightstar consents to the relief requested in the Motion as provided herein.

Dated March 22, 2017          **ENTER:**   *[signature]*
                                            J. Cox
                              _____
                              **BANKRUPTCY JUDGE**

Order prepared by:
Richard H. Fimoff (#804886)
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street, Ste. 3300
Chicago, IL 606601
312-456-0185
rfimoff@rsplaw.com

13H0784

5