B25A (Official Form 25A) (12/11)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

| | | | |
|---|---|---|---|
| **Vanguard Health & Wellness, LLC** | ) | Case No. 17-04707 | |
| | ) | | |
| Debtor(s) | ) | Small Business Case under Chapter 11 | |
| | ) | | |
| | ) | Judge  Jacqueline P. Cox | |

**MODIFIED**
**VANGUARD HEALTH & WELLNESS'S PLAN OF REORGANIZATION**
**DATED 3/8/2018**

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Vanguard Health & Wellness LLC (the "Debtor") from cash flow from operations.

This Plan provides for 2 classes of secured claims; 3 classes of unsecured claims; and 1 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10-30 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)):
None

2.02.   Class 2(a).   The secured claim of Lightstar Finances Services, LLC, $250,000. To be paid in accordance with the contract

2.03. Class 2(b). The secured claim of Amerifactors Financial Group LLC, $220,000. To be paid in accordance with a settlement agreement between the parties

2.04 Class 3(a) The claim of judgment creditors Tatyana Filek and Aleksandra Dubovi in the amount of $183,688.
(1) if the creditors accept the plan, they shall be treated as partially secured in the amount of $42,999.42 plus interest at a rate of 5.5% per annum, plus 10% of an unsecured claim in the amount of $134,407.63, for a total of $62,721.13, to be paid over 60 months at not less than $1,100 per month
(2) if the creditors do not accept the plan, their claim shall be treated as a general unsecured claim in the amount of $183,688, to be paid at 10% in 60 equal monthly payments

2.05 Class 3(b). Unsecured claim of Rehab Maxx LLC: $4,000, to be offset by the damages awarded by the court to the Debtor, then 20 cents on the dollar on the balance, in 6 equal monthly payments, starting on the Effective Date of the Plan

Class 3(c). All unsecured claims allowed under § 502 of the Code in excess of $15,000, other than the claims of judgment creditors Tatyana Filek and Aleksandra Dubovi and Rehab Maxx LLC: Total $ 805,327.47, to be paid 10 cents on the dollar, in 60 equal monthly payments, starting on the effective Date of the Plan

2.06 Class 3(d). Convenience class (§ 1122(b)): Holders of general unsecured claims of $15,000 or less, other than Rehab Maxx LL: Total $32,979.10, to be paid 20 cents on the dollar, in 6 equal monthly payments, starting on the Effective Date of the Plan

2.07 Class 4. Equity interests of the Debtor: Unsecured claims of co-owners Michael Zayats and Alexander Green $290,259.20. No payment shall be made on the claims during the life of the plan (60 months). The holders of the claims shall contribute $50,000 in new capital to the operation of the Debtor in Possession on the Effective Date of the Plan, and in addition, shall contribute their knowledge, experience and service to the Debtor in Possession's reorganization as new value. *In re Ahlers*, 794 F.2d 388 (8th Cir. 1986), *rev'd in part on other grounds*, 485 U.S. 197, 108 S. Ct. 963, 99 L.Ed. 2d 169 (1988)

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.2 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code and approved by the Court, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3   Priority Tax Claims. There is no such claim.

3.04   United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.1   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Priority Claims | N/A | All prepetition priority claims under §507(a)(4) were paid in full pursuant to court order |
| Class 2(a) – Secured Claim of Lightstar Financial Services LLC: $250,000 | Unimpaired | Claim shall be paid in accordance with the contract |
| Class 2(b) – The secured claim of Amerifactors Financial Group LLC, $220,000 | Impaired | To be paid in accordance with a settlement agreement between the parties |
| Class 3(a) – The claim of judgment creditors Tatyana Filek and Aleksandra Dubovi in the amount of $183,688 | Impaired | (1) if the creditors accept the plan, they shall be treated as partially secured in the amount of $42,999.42 plus interest at a rate of 5.5% per annum, plus 10% of an unsecured claim in the amount of $134,407.63, for a total of $62,721.13, to be paid over 60 months at not less than $1,100 per month<br>(2) if the creditors do not accept the plan, their claim shall be treated as a general unsecured claim in the amount of $183,688, to be paid at 10% in 60 equal monthly payments |
| Class 3(b) – Unsecured claim of Rehab Maxx LLC: $4,000 | Impaired | To be offset by the damages awarded by the court to the Debtor, then 20 cents on the dollar on the balance, in 6 equal monthly payments, starting on the Effective Date of the Plan |
| Class 3(c) – All unsecured | Impaired | To be paid 10 cents on the dollar, in |

3

| | | |
|---|---|---|
| claims allowed under § 502 of the Code in excess of $15,000, other than the claims of judgment creditors Tatyana Filek and Aleksandra Dubovi and Rehab Maxx LLC:  Total $ 805,327.47 | | 60 equal monthly payments, starting on the effective Date of the Plan |
| Class 3(d) – Convenience class (§ 1122(b)): Holders of general unsecured claims of $15,000 or less, other than Rehab Maxx LL: Total $32,979.10 | Impaired | To be paid 20 cents on the dollar, in 6 equal monthly payments, starting on the Effective Date of the Plan |
| Class 4  – Equity interests of the Debtor: Unsecured claims of co-owners Michael Zayats and Alexander Green $290,259.20 | Impaired | No payment shall be made on the claims during the life of the plan (60 months).  The holders of the claims shall contribute $50,000 in new capital to the operation of the Debtor in Possession on the Effective Date of the Plan, and in addition, shall contribute their knowledge, experience and service to the Debtor in Possession's reorganization as new value.  *In re Ahlers*, 794 F.2d 388 (8th Cir. 1986), *rev'd in part on other grounds*, 485 U.S. 197, 108 S. Ct. 963, 99 L.Ed. 2d 169 (1988) |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI

**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    6.1    <u>Assumed Executory Contracts and Unexpired Leases</u>.

    (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan.

    1585 Ellinwood LLC

    (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than _____ (___) days after the date of the order confirming this Plan.

**ARTICLE VII**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

Secured creditors shall be paid in accordance with the contract.
Unsecured creditors shall be paid in 60 equal monthly payments, except that creditors in the convenience class shall be paid in 6 equal monthly payments.
Funding of the plan is from the Debtor's business revenue.

**ARTICLE VIII**
**GENERAL PROVISIONS**

    8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

    8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

    8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Corporate Governance</u>. The Debtor's charter is amended to add a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends;

## ARTICLE IX
## DISCHARGE

<u>Discharge.</u> On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

None.

Respectfully submitted,

/s/   Xiaoming Wu
Attorney for the Debtor
Ledford, Wu & Borges, LLC.
105 W. Madison St., 23rd Floor
Chicago, IL 60602
312-853-0200