**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:

VANGUARD HEALTH & WELLNESS,
LLC,

     Debtor

Chapter 11

Case No. 17-04707

Hon. Jacqueline P. Cox
Room 680

**OBJECTION TO DEBTOR'S PROPOSED MODIFIED
PLAN OF REORGANIZATION FILED MARCH 8, 2018[1]**

NOW COME Creditors, Tatyana Filek and Aleksandra Dubovik (collectively "Dubovik"),
by their attorneys, Devvrat Sinha, Ariel Weissberg and the law offices of Weissberg and
Associations, Ltd., and as Dubovik's *Objection to Debtor's Proposed Modified Plan of
Reorganization filed on March 8, 2018*, state as follows:

## I.      BACKGROUND

1.      On April 6, 2015, Dubovik commenced an action in the Circuit Court of Cook
County captioned as, *Dubovik v. Vanguard,* Case No. 2015 L 3548, alleging breach of contract
and unjust enrichment counts against the Debtor and seeking $183,688.00 in damages. A copy of
the Complaint is attached hereto as **Exhibit 1**.

2.      On May 16, 2016, Dubovik filed a Motion against the Debtor seeking sanctions for
fraud on the court based on falsifying evidence, lying under oath at the deposition, and submitting
falsified documents to the Court as evidence to support the Debtor's claims. A copy of the Motion
for Sanctions is attached hereto as **Exhibit 2**.

---

[1] This Objection relates to the Fifth Modified Chapter 11 Plan of Reorganization, Dkt. No. 159.

3.      On September 7, 2016, after briefing was complete on the Motion for Sanctions and the Court heard oral argument, the Court entered an Order granting Dubovik's Motion for Sanctions, and entered judgment in Dubovik's favor and against the Debtor on all counts alleged in the Complaint. A copy of this Order is attached hereto as **Exhibit 3**.

4.      On November 17, 2016, following the submission of a prove-up affidavit relating to the amount of damages, the Court entered Judgment in favor of Dubovik and against the Debtor in the amount of $183,688.00.  The court continued the case with respect to the counter-claim filed by the Debtor against Dubovik.  A copy of the November 17, 2016 Order is attached hereto as **Exhibit 4**.

5.      On January 17, 2017, the Court entered an Order granting Dubovik's Motion for Summary Judgment and entered judgment in favor of Dubovik and against the Debtor on the Debtor's counterclaim, leaving no further issues to be litigated in the lawsuit.  A copy of this Order is attached hereto as **Exhibit 5.**

6.      On January 26, 2017, Dubovik issued a Citation to Discover Assets to the Debtor pursuant to 735 ILCS 5-2-1401 to collect on the outstanding judgment amount.  A copy of the Citation to Discover Assets served to the Debtor is attached hereto as **Exhibit 6.**

7.      On February 14, 2017, the Citation to Discover Assets was served upon the Debtor. A copy of the Affidavit of Service of the Citation to Discover Assets is attached hereto as **Exhibit 7.**

8.      On February 17, 2017, the Debtor commenced this bankruptcy case by filing a voluntary chapter 11 case.

9.      The Debtor listed Dubovik as an unsecured creditor in its Schedule E/F with a claim amount of $183,688.00 (Dkt No. 1).

10.     On March 8, 2018, the Debtor filed its *Modified Vanguard Health & Wellness's Plan of Reorganization Dated 3/8/2018* ("Plan" or "Plan of Reorganization") and classified Dubovik as a General Unsecured Creditor and proposed to distribute "10 cents on the dollar" for unsecured creditors. (Dkt. No. 159).

## II.  ARGUMENT

The Proposed Plan violates 11 U.S.C. § 506, 11 U.S.C. § 1123(a), and 11 U.S.C. § 1129(a), and cannot be confirmed without necessary modifications affording Dubovik better and more appropriate terms of repayment.

### A.    The Plan treats Dubovik as an unsecured creditor in violation of 11 U.S.C. § 506

Under Illinois law, the service of a citation creates a statutory lien on all of the Debtor's personal property. *See* 735 ILCS 5/2-1402 (m).  In this case, the citation was served on February 14, 2017, and upon service, a statutory lien arose binding "nonexempt personal property, including money, choses in actions" and any other personal-property assets of the judgment debtor.  *See Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir.1997) (the lien is considered perfected as of the date the citation is served on the citation respondent.)  Thus, when the Citation to Discover Assets was served, Dubovik became a secured creditor under Illinois law.

"Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (U.S. 1979).  Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.*  Secured under state law pursuant to 735 ILCS 5/2-1402 (m), Dubovik is a secured creditor under bankruptcy law.

Further, Section 506 of the Bankruptcy Code provides that an "allowed claim of a creditor secured by a lien on the property in which the estate has an interest . . . is a secured claim to the

extent of the value of such creditor's interest in the estate's interest in such property. . ." 11 U.S.C.

§ 506(a).  The Debtor admits that Dubovik is a judgment creditor in its Amended Disclosure

Statement (Dkt. No. 160, 1) and these creditors have a valid judgment lien on the Debtor's

property; however, instead of following Section 506, the Debtor proposed in the Plan that Dubovik

will be treated as secured if she accepts the Plan but unsecured if rejects the plan.  Such a

determination of whether a claim is secured or not has no foundation in bankruptcy law and is in

fact prohibited by Section 506.

**B.**      **The Plan does not pass the best interest of creditor's test under Section 1129(a)(7).**

Considering that Dubovik is voting against the proposed Chapter 11 Plan, the proposed

Plan of Reorganization proposes to pay Dubovik as a General Unsecured Creditor in Class 3(a) of

the Plan, which is afforded "10 cents on the dollar, in 60 equal monthly payments."  This amounts

to $18,368.00.  Under Section 1129(a)(7), if the Debtor's assets were to be liquidated in a Chapter

7 proceeding, Dubovik would receive more, as follows:

- Total Assets: $568,946.42

- Secured Creditor's Recoveries: $470,000.00

- Chapter 7 Trustee's Fees: $25,000[2]

- Chapter 11 Administrative Expenses: $0.00[3]

The amount available for distribution in a Chapter 7 case to Dubovik would be $73,945.42.00.

Accordingly, the $18,368.00 payment in the Proposed Plan violates the best interest of creditors

test.

---

[2] Dubovik questions the Disclosure Statement's estimation of Chapter 7 trustee's fees and expenses of $30,947.00.
[3] Dubovik's claim as a secured creditor will get priority over Chapter 11 administrative expenses.

C.      **The Plan provides for a Discharge to the Debtor on the confirmation date, without even completing the Plan.**

Currently, Dubovik has a claim for $183,688.00.  Under Article IX of the Plan, the Debtor will receive a discharge of all claims besides the debts imposed by the Plan.  Thus, the day the plan is confirmed, Dubovik's claim will arguably be limited to $18,368.00 and not $183,688.00.  Even if the Debtor completely fails to make any payment, it will use the Plan to argue that only $18,368.00 is owed under the Plan.  This is unjust and also fails to satisfy the best interest of creditors test.  In a Chapter 7 case, a corporation does not receive a discharge.  The Debtor should not receive a discharge in this case – especially not before completing the entirety of the Plan and making all payments as they come due.

D.      **Violation of Absolute Priority Rule**

Next, the Debtor's Plan provides that the unsecured creditors will receive 10% (Article II, para. 2.04, 3(a) of the Plan), but provides for the equity holders to maintain their equity interest and receive funds before the unsecured creditors are paid in full.  The Plan provides that Class 4, the equity interests of the Debtor, shall receive no payment for the life of the Plan**,** or 60 months.  After the 60 months are over, however, the equity interests are free to obtain funds before unsecured creditors are paid in full.  The absolute priority rule "provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property [under a reorganization] plan."  *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 202 (1988).  Equity holders are a junior class to unsecured creditors, and thus, they can only be paid when a dissenting class of unsecured creditors is provided in full.  Dubovik's claim should be separately classified based on the reasons stated above, and when properly classified it is a dissenting class that needs to be paid in full before the equity holders receive a distribution.  Accordingly, Debtor's Plan should not be confirmed by this Court.

The Debtor attempts to cure this objection by stating that "new value" of $50,000.00 in new capital to the operation of the Debtor in Possession will be provided by Michael Zayats and Alexander Green. The Debtor cites to *In re Ahlers,* 794 F.2d 388 (8th Cir. 1986). However, the Eighth Circuit was reversed by the Supreme Court in that case. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S. Ct. 963, 99 L. Ed. 2d 169 (1988) ("Absolute priority rule" provides that dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property under reorganization plan.") *Ahlers* holds that the absolute priority rule bars equity holders from retaining any property on account of their contribution of labor, expertise and post-petition personal services. The Debtor, of course, is paying Zayats and Green a salary post-petition (see Disclosure Statement, Dkt. No, 160, p.12) of $52,000.00 each, so these contributions of post-petition personal services are not gratuitous. The Debtor, then, seems to solely rely on the contribution of $50,000.00 from Zayats and Green to make an attempt at an exception to the absolute priority rule. Again, such a contribution will not satisfy the absolute rule. *Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 457, 119 S. Ct. 1411, 1423, 143 L. Ed. 2d 607 (1999) ("Under a plan granting an exclusive right, making no provision for competing bids or competing plans, any determination that the price was top dollar would necessarily be made by a judge in bankruptcy court, whereas the best way to determine value is exposure to a market.") In a case arising out of a Chicago bankruptcy filing, the Supreme Court held that when "old equity" has the exclusive right to retain equity and make a capital contribution to allow it to get property before unsecured creditors are paid in full, the absolute priority rule is not satisfied and the plan cannot be confirmed. *Id.*[4]

---

[4] Of course, the absolute priority rule comes into play when there is an objecting class, and if better treatment were provided to Dubovik, then the Debtor might be able to confirm a plan. This would at the very least require Zayats and Green to make a larger contribution, treat Dubovik as a secured creditor and provide it with 35 percent of the remaining claim.

For the reasons outlined above, Dubovik objects to the Proposed Plan, but will continue to engage in negotiations with the Debtor to receive additional accommodations or a modified treatment under the Plan to support a Plan of Reorganization that is a better compromise between the creditors and the equity interests than the proposed Plan.

WHEREFORE, Creditors, Tatyana Filek and Aleksandra Dubovik, pray that this Court enter an Order providing the following: (i) the Debtor's Proposed Plan of Reorganization is unconfirmable under 11 U.S.C. § 1123(a)(1) and 11 U.S.C. § 1129(a)(1); (ii) the exclusivity period is terminated and Dubovik is allowed to file a competing Plan of Reorganization; and (iii) for such other relief as the Court deems just and proper.

**TATYANA FILEK and ALEKSANDRA DUBOVIK,**
Creditors


By:___/s/ Devvrat Sinha_____
       One of their attorneys


Ariel Weissberg, Esq. (Attorney No. 03125591)
Rakesh Khanna, Esq. (Attorney No. 06243244)
Devvrat Sinha, Esq. (Attorney No. 6314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com