IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Vanguard Health & Wellness, LLC | ) | Case No. 17-04707 |
| | ) | |
| Debtor(s) | ) | CHAPTER 11 |
| | ) | |
| | ) | Judge Jacqueline P. Cox |

**RESPONSE TO OBJECTION TO DEBTOR'S PROPOSED
MODIFIED PLAN OF REORGANIZATION FILED 3/8/18**

Vanguard Health & Wellness, LLC, the Debtor-in-Possession, by and through counsel, responds to the Objection to Debtor's Proposed Modified Plan or Reorganization filed on March 8, 2018 as follows:

**I.   The Plan Does Give the Judgment Creditors Secured Status**

The debtor does not dispute the fact that judgment creditors Tatyana Filek and Aleksandra Dubovik (collectively "Dubovik") obtained a judgment in the Circuit Court of Cook County, *Dubovik v. Vanguard*, Case No. 2015 L 3548, in the amount of $183,688.00, and that Dubovik had a judicial lien on the debtor's assets as a result of the Citation to Discover Assets issued by Dubovik.

Given the judgment, citation and other pending collection actions, the debtor's bankruptcy petition and schedules were prepared and filed in a rush. While in retrospect, the debtor believes that Schedule B substantially overstated the value of its assets on the date of filing, for the sake of efficiency, the debtor has been willing to use the original Schedule B as a basis for the liquidation analysis.

According to the debtor's liquidation analysis in Disclosure Statement filed on 3/8/18 (Exhibit A), based on Schedules B and D of the debtor's petition (Exhibits B and C,

1

respectively), after the claims of other secured creditors with higher priority and administrative claims were satisfied, there would be $42,999.42 available to other creditors, including Dubovik, in a Chapter 7 liquidation.

While the debtor listed Dubovik as an unsecured creditor on its Schedule F, and even though the debtor believes that it had no significant assets at the time of filing, the proposed plan does offer to treat Dubovik's claim as secured to the extent of $42,999.42, i.e., the residual value of the debtor's assets after satisfaction of administrative and other secured claims, plus interest at an annual rate of 5.5%, in order to give Dubovik the present value of its secured claim as required by the Supreme Court in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), with the balance of its claim to be treated as a general unsecured claim, provided that Dubovik accepts the plan. If it does not, the plan will treat Dubovik's entire claim as a general unsecured claim, to be paid 10 cents on the dollar along with most other general unsecured claims. *See* Plan, Article II, § 2.04 (Exhibit D).

**II. The Debtor Is Entitled to a Discharge**

Dubovik also challenges the debtor's right a discharge (Objection at 5). Such right in a Chapter 11 case is provided for in § 1141 of the Bankruptcy Code, and the fact that a corporation does not receive a Chapter 7 discharge is irrelevant. Dubovik's surmise that the debtor may fail to make any payment is entirely speculative. It is also noteworthy that the plan does provide that "the Debtor will not be discharged of any debt . . . imposed by this Plan" (Plan, Article IX). Therefore, Dubovik is not without recourse should its speculation materialize.

**III. The Plan Satisfies the Absolute Priority Rule**

The debtor agrees that the Absolute Priority Rule provides that a dissenting class of unsecured creditors must be provided for in full before any junior class can receive or retain any property under a reorganization plan. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 202 (1988). Courts, however, have recognized a "new value" exception to the rule. Under the exception, equity security holders can satisfy the Absolute Priority Rule by injecting "new value" into the business. The new value must be (1) necessary to the reorganization; (2) in the form of money or money's worth; and (3) reasonably equivalent to the interest retained. *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 121-22, 60 S.Ct. 1, 10-11 (1939); *Matter of Snyder*, 967 F.2d 1126, 1131 (7th Cir. 1992).

While the plan provides for equity security holders' "contribution of knowledge, experience and service to the Debtor in Possession's reorganization," it also requires such holders to contribute "$50,000 in new capital to the operation of the Debtor in Possession on the Effective Date of the Plan" (Plan, Article II, § 2.07). Since it is a service-based business, the debtor has few assets other than business revenue which is either collateral for factoring companies' advance payment or part of its operating cash flow. The proposed new value is necessary to the reorganization, in the form of money and reasonably equivalent to the interest retained. Therefore, the plan satisfies the Absolute Priority Rule.

## IV. Conclusion

Dubovik's objection being without merit, and several classes of creditors having voted to accept the plan (Exhibit E, Section 1128 Ballot Report), the debtor requests that the court overrule the objection and confirm the plan.

                Respectfully submitted,

                /s/ _Xiaoming Wu_
                Ledford, Wu & Borges, LLC.
                Attorneys at Law
                105 W. Madison St., 23rd Floor
                Chicago, IL 60602
                312-853-0200